CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

MARTHA BOERSCH (CABN 126569)
Chief, Criminal Division

BARBARA J. VALLIERE (DCBN 439353)
PATRICK K. O'BRIEN (CABN 292470)
RICHARD EWENSTEIN (CABN 294649)
Assistant United States Attorneys

     450 Golden Gate Avenue, Box 36055
     San Francisco, California 94102-3495
     Telephone: (415) 436-7200
     FAX: (415) 436-7234
     Barbara.Valliere@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. 3:24-CR-00243-WHA |
| Plaintiff, | PARTIES' STIPULATION REGARDING RESTITUTION AND [PROPOSED] ORDER |
| v. | |
| DANIEL SCHATT, and JOSEPH PODULKA, | |
| Defendants. | |

It is hereby stipulated by and between counsel for the United States and counsel for the defendants Daniel Schatt and Joseph Podulka, that the Court (1) amend the judgment in this case to reflect a total restitution award of $969,941,762.97 allocated among the over 1,000 individual victims identified in the victim spreadsheet on file with the Probation Office and the Clerk's Office for which the two defendants are jointly and severally liable and (2) vacate the restitution hearing currently set for October 23, 2025.

On August 29, 2025, the Court sentenced defendant Schatt to 52 months in prison and defendant Podulka to 36 months in prison. *See* Dkt. 108, 109. The Court also ordered each defendant to pay

STIPULATION AND [PROPOSED] ORDER
Case No. 3:24-CR-00243-WHA

restitution, orally announcing that the amount would not be less than $169 million and set a further hearing regarding restitution for October 7, 2025. *Id.* On September 3, 2025, the Court entered judgment as to both defendants. *See* Dkt. 112, 114. On September 23, 2025, the Court continued the restitution hearing in this matter to October 23, 2025, after receiving a stipulation from the parties seeking a continuance based on the parties' ongoing discussions. *See* Dkt. 118, 119.

The parties have met and conferred and reached an agreement regarding the victims that are entitled to restitution and the restitution amounts that should be awarded in this case and briefly describe the factual support for that agreement here. As the Court knows, this criminal case follows Chapter 11 bankruptcy litigation involving Cred, and many of the creditors in the bankruptcy are customers or investors in Cred who lost money as a result of the defendants' criminal offense. *See* July 14, 2025 Letter from McDermott Will & Emery on behalf of Cred Liquidation Trust (on file with Probation Officer and submitted with Victim Impact Statements to the Court); Schatt PSR ¶ 55.a; Podulka PSR ¶ 56.a. The Cred Liquidation Trust, its counsel, and its advisors have spent years working to ensure that the Liquidation Trust's assets are distributed fairly to those creditors with valid claims. In the process of consolidating, analyzing, deduplicating, and otherwise vetting the information contained in these claims, the Liquidation Trust estimated in its letter submitted to the Court with the other Victim Impact Statements in this case that the total value of funds lost as a result of Cred's bankruptcy or retained as assets of the debtor was approximately $163 million. The Trust further estimated in its letter that it would be able to make a distribution of roughly $91 million, resulting in a loss of approximately $72 million.

The parties agree that the victim spreadsheet on file with the Probation Officer and the Clerk's Office reflects the identifiable victims that were harmed by the defendants' criminal conduct and that are entitled to a restitution award in this case. *See* 18 U.S.C. §§ 3663A(a)(2) and (c)(1)(A)(ii) and (B). In total, the spreadsheet lists 1,061 victims, and the total restitution awarded to these victims amounts to $969,941,762.97. The chart reflects the valid claims in the bankruptcy case—incorporating the work and analysis of the Cred Liquidation Trust and its advisors—that were actually filed and submitted by Cred customers, investors, and Uphold in the bankruptcy case. The spreadsheet also includes claims from the customers that submitted victim impact statements to the government and the Court in this

STIPULATION AND [PROPOSED] ORDER
Case No. 3:24-CR-00243-WHA

criminal case. For claims involving known and identifiable cryptocurrencies or digital assets that a victim lost as a result of the defendants' offenses and that have since gone up in value, the spreadsheet reflects the value of those cryptocurrency claims or digital assets in U.S. dollars on the date of the sentencing (August 29, 2025). *See In re Davis*, No. 24-3090, 2025 WL 2184111, at *12 (9th Cir. Aug. 1, 2025). The spreadsheet also converts all claims to U.S. dollars for ease of administration by the Clerk's Office and fairness for all parties going forward.

The spreadsheet includes identifiers for these individuals and entities assigned in the Cred bankruptcy case, their actual names and contact information, and the restitution award amount for each victim. The parties do not propose listing out each individual victim's restitution award in the judgment itself given the number of victims, the nonpublic nature of individual victims' losses, and the fact that the Cred Liquidation Trust has not yet made a distribution of assets to creditors in the bankruptcy case. As a result, the parties jointly propose that the amended judgment should list the total restitution award ($969,941,762.97) and refer to the spreadsheet on file with the Court.

Given the large restitution award and the large number of victims, the parties agree that the Clerk's Office should retain discretion to distribute any pro rata payments and that such distributions may occur once every two years.

The parties further submit, with the consent of Uphold, that Uphold's restitution claim shall be subordinated to all other victim claims in the spreadsheet on file with the Court.

The undersigned Assistant United States Attorney certifies that he has obtained approval from counsel for the defendants to file this stipulation and proposed order.

IT IS SO STIPULATED.

CRAIG H. MISSAKIAN
United States Attorney

Dated: October 21, 2025

/s/ Patrick K. Obrien
BARBARA J. VALLIERE
PATRICK K. O'BRIEN
RICHARD EWENSTEIN
Assistant United States Attorneys

Dated: October 21, 2025

/s/ Alex Setzepfandt
DAVID H. ANGELI
MILES EHRLICH
ALEX SETZEPFANDT
Attorneys for Defendant Daniel Schatt

Dated: October 21, 2025

/s/ Carly Bitman
ED SWANSON
CARLY BITMAN
Attorneys for Defendant Joseph Podulka

# [~~PROPOSED~~] ORDER

For the reasons described in the parties' stipulation, the Court adopts the parties' proposal and orders restitution to be awarded in this case in the total amount of $969,941,762.97 to the individual victims identified in the spreadsheet on file with the Probation Office and the Clerk's Office. The amended judgment will refer to the spreadsheet on file with the Court and not specifically list each victim's restitution award. The amended judgment should reflect that the defendants are jointly and severally liable for this restitution judgment.

All victims in the victim spreadsheet other than Uphold shall receive restitution payments at the same first level of priority, and Uphold will receive restitution payments on a secondary priority level.

The Probation Office is directed to prepare an amended judgment reflecting these changes with a proposed payment schedule based on the information in the PSR.

Given the large volume of creditors, the large total restitution award, and the defendants' upcoming custodial sentences, the Court finds it is likely that the Clerk's Office will need to make pro rata distributions to victims on a periodic basis. The Court leaves to the discretion of the Clerk's Office how often such pro rata payments will be made but recognizes that it may be necessary to consolidate payments to once every two years.

The restitution hearing currently set for October 23, 2025, is hereby VACATED.

IT IS SO ORDERED.

DATED: _____10.23.25_____

_____
HONORABLE WILLIAM ALSUP
United States District Judge